IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>HERMAN G. BELL, et al.,<br><br>    Defendants. | Case No. 4:19-CR-00315-DGK-19 |

## DEFENDANT HERMAN BELL'S MOTION FOR BILL OF PARTICULARS

Defendant Herman G. Bell moves this Court under Fed. R. Crim. P. 7(f) for an Order directing the Government to submit a bill of particulars. Bell offers these suggestions in support of his Motion.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The Government charged Bell in Count One of the original Indictment, which was filed October 1, 2019. (Doc. 1). Count One alleges that Bell is part of a conspiracy to distribute heroin, cocaine, oxycodone and codeine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The Government has since filed a Superseding Indictment (Doc. 234, filed Oct. 13, 2020). In its Superseding Indictment, the Government adds another count, Count Thirty-Four, against Bell, charging him with Felon & Drug User in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 924 (a)(2).

Count One carries a minimum sentence of 10 year's imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). At age 65, Bell is significantly older than his Co-Defendants. The average age of the other Defendants is 33 years old. Bell's nearest Co-Defendant by age is Lencorya Grady (#20), who is 20 years Bell's junior. He is currently on bond awaiting trial. Should a jury convict Bell, he could spend the rest of his life in prison.

This Motion mostly seeks information related to Count One, which does not list any overt acts. Rather, Count One simply satisfies the essential elements of the charge: "the defendants and their co-conspirators" distributed and possessed certain unlawful controlled substances. *See* Sup. Indictment at 6-7 (Doc. 234). Moreover, and as discussed below, the discovery produced to date provides very little information on Bell and his alleged involvement in any conspiracy. Given the Indictment's lack of specificity and the sheer volume of discovery, a bill of particulars under Rule 7(f) is appropriate.

## LAW AND ARGUMENT

"[T]he function of a bill of particulars is to provide defendant with information about the detail of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial." *United States v. Barket*, 380 F. Supp. 1018, 1022 (W.D. Mo. 1974) (quoting Wright and Miller Federal Practice and Procedure (Criminal) § 129) (internal quotation marks omitted). "[P]recedents furnish little help in disposing of requests for bills of particulars in criminal cases, since even with regard to a particular offense[,] precedent can be found for every ruling from one

extreme to the other." *Id.* at 1021 (internal quotation marks omitted). Thus, "what is called for is a particularized decision that takes into account the amount of facts stated in the indictment or information that is then before the court." *Id.*

The 1966 amendment to "Rule 7(f) was expressly intended to liberalize the granting of bills of particulars." *Id.* at 1021. "The issue on a motion for a bill of particulars is not what the defendant knows but what the government intends to prove." *Id.* at 1022 (citing Wright and Miller). "[I]t is no answer to the motion for the government to say: 'The defendant knows what he did, and has all the information necessary.'" *Id.* "Since the defendant is presumed to be innocent he must be presumed to be ignorant of the facts on which the charges are based." *Id.*

As of Defendant's Motion, the Government has provided extensive discovery consisting of 155,875 pages of PDF materials, 184 audio files, 132 videos files, and 31 excel spreadsheets. In the past, defense counsel would complain that the Government did not provide enough discovery, thereby requiring a bill of particulars. That is not the case here. Bell's problem is the opposite. The Government has provided a wealth of discovery. For example, together with the more than 150,000 pages of discovery, it is Defense counsel's conservative estimate that the Government has produced well-over 100 hours of audio and video recordings. But trying to find Bell's connection to the Indictment or his actual name in the discovery is like seeking the proverbial needle in the haystack.

A review of the discovery produced to date has revealed two instances in which Bell allegedly met with Smith. The first happened on January 16, 2018 at 6014 Farley Avenue in Raytown, Missouri. Following this meeting, KCPD stopped Bell but ultimately released him after failing to locate drugs or money. The second meeting occurred 19 months later, on August 15, 2019 at 4429 Kensington Avenue in Kansas City, Missouri. This second meeting was the subject of Agent Kelly's testimony during Bell's detention hearing.

Based on Agent Kelly's testimony and the discovery produced, it appears the Government is asserting that Bell is a drug mule or courier for the Smith organization. But there appears to be little evidence to support this theory, other than Agent Kelly's claim that a package was present during Bell and Smith's August 15, 2019 meeting.[1] Put simply, counsel is puzzled how Bell—a sixty-five-year-old grandfather with heroin addiction issues—is facing a statutory minimum of 10 years for allegedly being a part of a conspiracy involving gang members half his age.

The Government will almost surely oppose this Motion on the basis of its "voluntary disclosure" discovery policy and argue that, "a bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Lundstrom*, 880 F.3d 423, 439 (8th Cir. 2018) (denying motion when government produced searchable electronic

---

[1] To counsel's knowledge, there is no recording or photographs of either meeting.

database of discovery, which included three separate indexes and a list of 400 "hot documents," representing materials most relevant to the government's case). That said, a bill of particulars is appropriate when, as here, the case is unusual in scope and size. *United States v. Sloan*, 4:14CR152 RWS/NCC, 2016 WL 6989768 (E.D. Mo. Sept. 23, 2016), *report and recommendation adopted*, 4:14 CR 152 RWS, 2016 WL 6962825 (E.D. Mo. Nov. 29, 2016) (finding bill of particulars appropriate where government disclosed voluminous discovery to 29 defendants over course of many months in batches).

Count One of the Superseding Indictment merely alleges that the 20 Defendants "did knowingly and intentionally combine, conspire, confederate and agree together and with each other to violate the controlled substance laws of the United States" and that they distributed and possessed with intent to distribute one kilogram or more of heroin, 500 grams or more of a mixture or substance containing a detectable amount of cocaine and 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, and an unidentified amount of oxycodone/codeine and marijuana. *See* Sup. Indictment at 6-7 (Doc. 234). The Government further alleges that the conspiracy spanned eight years, from January 1, 2011, up to and including October 1, 2019. *Id.* at 6. With such a prolonged timeframe and little clarity concerning the amount or type of drugs, Defense counsel is unable to determine within a reasonable degree of certainty when Bell is alleged to have engaged in any illegal activity under Count One, and what substances he is alleged to have distributed or possessed with intent to distribute.

Counsel is similarly unable to determine at which time during the eight-year indictment period Bell is to have entered into or allegedly participated in the charged conspiracy. As a result, Bell is significantly prejudiced in that he cannot adequately prepare a defense to Count One.

The Court appointed Defense counsel under the Criminal Justice Act and counsel endeavors to not only fully defend Bell, but to do so in an efficient and cost-effective way. Defense counsel is struggling to unearth discovery that links Defendant to the larger criminal conspiracy alleged by the Government. Counsel does not understand how Bell ended up in the Government's crosshairs, other than being the grandfather of a child fathered by the lead Defendant, Ladele Smith. Put another way, without a bill of particulars, Defendant has no way to determine "what the government intends to prove[,]" and the facts stated in the Superseding Indictment that is currently before the Court provides little help. *Barket*, 380 F. Supp. at 1022.

Defendant requests that the Court enter an Order directing the Government to submit a bill of particulars. Bell requests the following information to be provided to him in a bill of particulars:

1. Dates, times, and locations, or a specific citation to page(s) or media in the discovery, supporting any alleged criminal acts undertaken by Bell in furtherance of the conspiracy;

2. A list of, or specific citation to, all drug transaction(s) to which Bell was allegedly a party;

3. Specific citations to page(s) or media in the discovery that the Government contends otherwise links Bell to the alleged conspiracy.

## Conclusion

For all these reasons, Defendant Herman Bell requests that the Court grant his Motion for a Bill of Particulars under Rule 7(f), order the Government to submit a bill of particulars, and grant any other relief the Court deems just and proper.

Respectfully submitted,

**ROUSE FRETS WHITE GOSS GENTILE RHODES, P.C.**

By: /s/ *Daniel O. Herrington*
    Daniel O. Herrington    MO #35646
    Garrett W. Hunkins    MO #70138
    4510 Belleview, Suite 300
    Kansas City, Missouri 64111
    (816) 753-9200
    (816) 753-9201 (Facsimile)
    dherrington@rousepc.com
    ghunkins@rousepc.com

ATTORNEYS FOR DEFENDANT
HERMAN BELL